# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 280 | **DATE** | 5/19/2000 |
| **CASE TITLE** | Pechiney Plastic Packaging Inc., et vs. Viskase Companies, Inc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 21 Jun. 00 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion to dismiss is granted in part and denied in part. Count III of the Complaint is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 25 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAY 1 9 2000
Judge Harry D. Leinenweber
U. S. District Court

PECHINEY PLASTIC PACKAGING,
INC. and PECHINEY EMBALLAGE
FLEXIBLE EUROPE,

    Plaintiffs,

v.

VISKASE COMPANIES, INC. and
VISKASE CORPORATION,

    Defendants.

Case No. 00 C 0280

Judge Harry D. Leinenweber

DOCKETED
MAY 25 2000

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Before the court is defendants Viskase Companies, Inc. and Viskase Corporation's ("Viskase") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The plaintiffs, Pechiney Plastic Packaging, Inc. ("PPPI") and Pechiney Emballage Flexible Europe ("PEFE"), instituted this suit alleging patent infringement and interference. 35 U.S.C. §§ 271, 281, 291.

### BACKGROUND

The following facts are alleged in the plaintiffs' Complaint. U.S. Patent No. Re. 35,567, for "Polymeric and Film Structure for Use in Shrink Bags" was issued on July 3, 1984 (the "Original Newsome patent") to the American National Can Company ("ANC"). The Original Newsome patent was surrendered and reissued on July 22, 1997 as Re. 35,567 (the "Reissue Newsome patent"). The court notes

that in the Complaint, the plaintiffs refer to the "Newsome patent" and do not distinguish between the Original Newsome patent and the Reissue Newsome patent.

On July 1, 1999, ANC transferred its entire right, title and interest in the Newsome patent to PPPI. On July 23, 1999, PPPI transferred its entire right, title and interest in the Newsome patent to PEFE. The Newsome patent covers heat shrinkable films containing linear low density polytheylene ("LLDPE").

The plaintiffs allege that the defendants' patent, U.S. Patent No. 4,863,769 (the "769 patent"), contains product claims directed to heat-shrinkable films containing a copolymer that Viskase calls "very low density polytheylene" ("VLDPE").

In the Complaint, the plaintiffs refer to a Final Office Action by the United States Patent and Trademark Office (the "PTO"). ANC filed three Requests for Reexamination before the PTO. On November 24, 1999, the PTO issued a Final Office Action merging the three requests (the "PTO Office Action"). The plaintiffs quote that "at the time of the ['769 patent] invention the terms 'LLDPE' and 'VLDPE' could have been used interchangeably" and that the '769 patent claims constitute "the mere practice of the invention taught by Newsome." The defendants note that the PTO was considering the Original Newsome patent, not the Reissue Newsome patent.

The plaintiffs contend that they were the first to conceive and reduce to practice the invention described in the Newsome

patent so that the Newsome patent has priority over the '769 patent.

In that the plaintiffs' Complaint refers to "other proceedings," the following facts are relevant to this action.

In December 1993, Viskase sued ANC. The case was assigned to Judge Elaine E. Bucklo, Case No. 93 C 7651 ("the 1993 Case"). In that case, Viskase alleged in that case that ANC infringed various patents, including the '769 patent. Judge Bucklo ruled that as a matter of law, ANC failed to prove that the '769 patent was invalid over the Original Newsome patent. After a jury trial, Judge Bucklo entered final judgment in the 1993 Case against ANC on July 1, 1999 in the amount of $164,925,789. ANC appealed this judgment to the United States Court of Appeals for the Federal Circuit.

## DISCUSSION

In their motion to dismiss, the defendants assert three arguments. First, pursuant to Federal Rule of Civil Procedure 12(b)(1), the defendants argue that this court lacks subject matter jurisdiction over Count III. In Count III, the plaintiffs allege patent interference. Second, pursuant to Federal Rule of Civil Procedure 12(b)(6), the defendants contend that all three counts of the Complaint are barred under the doctrine of res judicata and/or Federal Rule of Civil Procedure 13. Finally, the defendants maintain that Count III is barred under the doctrine of collateral estoppel or issue preclusion.

## Subject Matter Jurisdiction

If one party raises a serious question about jurisdiction, the burden of proof is on the party asserting federal jurisdiction: "That is the rule when jurisdiction is challenged in the district court." Selcke v. New England Insurance Co., 2 F.3d 790, 792 (7th Cir. 1993). "On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the court is not bound to accept the truth of the allegations in the complaint. Rather, the plaintiff has the obligation to establish jurisdiction by competent proof, and the court may properly look to evidence beyond the pleadings in this inquiry." Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n, 149 F.3d 679, 685 (7th Cir. 1998). "The presumption of correctness that we accord to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question." Id.

The defendants argue that this court lacks subject matter jurisdiction over Count III. In Count III, the plaintiffs allege that the '769 patent interferes with the "Newsome patent" in violation of 35 U.S.C. § 291. Pl. Compl. ¶¶ 20-22. Section 291 reads in relevant part: "The owner of an interfering patent may have relief against the owner of another by civil action, and the court may adjudge the question of the validity of any of the interfering patents, in whole or in part."

In order to establish interference, both parties agree that the '769 patent and the Newsome Patent must have claims directed to the same subject matter. Paragraph Six of the Complaint reads, "U.S. Patent No. Re. 35,567, for 'Polymeric and Film Structure for Use in Shrink Bags' (the 'Newsome patent') was originally duly and legally issued on July 3, 1984 as U.S. Patent No. 4,457,960 to American National Can Company ('ANC'), as assignee of David Newsome, and it reissued as Re. 35,567 on July 22, 1997."

In Albert v. Kevex Corp., 729 F.2d 757, 760 (Fed. Cir. 1984), the Federal Circuit held that:

> interference between patents is a sine qua non of an action under § 291. Absent interference, a court has no power under § 291 to adjudicate the validity of any patent. We hold that the court has no jurisdiction under § 291 unless interference is established. Mere citation of that statute or recitation in a pleading as a basis for suit is not enough. When challenged the pleader must establish that interference does in fact exist.

Hence, the question is whether the plaintiffs have established, sufficient to overcome a motion to dismiss for lack of subject matter jurisdiction, that "the Newsome patent" and the '789 patent interfere.

In Advance Transformer Co. v. Levinson, 837 F.2d 1081, 1083 (Fed. Cir. 1988), the court clarified the meaning of "interference" under § 291: "interfering patents are patents that claim the same subject matter." To refine the issue, the question becomes, have the plaintiffs established, sufficient to survive this motion to

dismiss, that "the Newsome patent" claims the same subject matter as the '769 patent?

The plaintiffs fail to establish that the Newsome patent has a single interfering claim with the '769 patent. In their Complaint, the plaintiffs generally allege that "the subject matter of the invention set forth in the claims (taken in light of the specification and prosecution history) of the '769 patent is the same as the subject matter set forth in the claims (taken in light of the specification and prosecution history) of the Newsome patent." Pl. Coml. ¶ 20.

The plaintiffs rely on the PTO's Office Action, discussing the Original Newsome patent, in support of their interference claim. Even though the Complaint fails to distinguish between the Original Newsome patent and the Reissue Newsome patent, in their Response, the plaintiffs do assert that in the Reissue Newsome patent, seven claims (claims 27-33) "were completely new." Pl. Resp. at 3. The plaintiffs do not allege that the Original Newsome patent claims 1-26 are not "substantially identical" to the Reissue Newsome patent. Plastic Container Corp. v. Continental Plastics of Oklahoma, Inc. 607 F.2d 885, 893 (10th Cir. 1979) ("the public interest in upholding valid patents, including reissued patents, outweighs the public interest underlying collateral estoppel where the issue or issues in each action are not substantially identical."). To the extent that the Reissue Newsome patent includes seven new claims or

claims that are not "substantially identical" to the Original Newsome patent claims, the plaintiffs fail to establish or even allege which claims in the '769 patent they interfere with. Id.

The plaintiffs argue that the PTO stated that the claims of the '769 patent constitute "the mere practice of the invention taught by Newsome." Pl. Brief at 3 and 5, Compl. at ¶ 19. The PTO was not even addressing the Reissue Newsome patent. Def. Ex. I., page 2. Hence, the PTO Office Action does not sufficiently establish that the Reissue Newsome patent interferes with the '769 patent. In not specifying the claims, the court cannot reach to infer that they entail the same subject matter as the claims of the '769 patent.

In that the PTO Office Action refers to the Original Newsome patent; the plaintiffs' partially quoted phrase, when taken in its total context, does not necessarily support their argument. The text quoted by the plaintiffs reads, "the manufacture of LLDPE films using lower densities *would have been* the mere practice of the invention taught by Newsome with in the range of the definition of LLDPE *as further supported by Anderson*." Def. Mot. Ex. I at 5 (emphasis added). In other words, in contrast to the argument made by the plaintiffs, the PTO held that Newsome does not alone disclose the '789 patent, but rather must be combined with the teachings of other references such as Anderson. Furthermore, the PTO was comparing the disclosures of the two parties' patents, not

their claims. Def. Ex. I. The plaintiffs admit that the claims in the Reissue Newsome patent have not yet been construed. Pl. Resp. at 14. See Advance Transformers at 1083 ("It is thus correct, and necessary, to compare claims, not disclosures, when comparing issued patents under section 291.").

Third, if the plaintiffs believed that the claims of the Reissue Newsome patent application interfered with the claims of the '769 patent, the plaintiffs could have attempted to provoke an interference in the PTO, while the Reissue Newsome patent application was still pending. Although not dispositive of a lack of interference, "the fact that the defendant made no attempt to provoke an interference during the pendency of his several applications, and that the PTO has not declared an interference . . . may be considered as evidence of an absence of identity of the claimed invention." Advance Performers at 1083-84.

The plaintiffs argue that this court should postpone determining its jurisdiction over this case until a Markman hearing is held. The plaintiffs state "If there is an inconsistency in the Examiner's position, this only shows that facts are in dispute." Pl. Resp. at 5. However, in Advance Transformers the court stated that "it was not the district court's responsibility to determine, from the respective specifications, whether interfering claims could have been granted in each patent." Id. at 1083. The plaintiffs are obligated to establish "whether the patents contain

claims to the same subject matter." Id. at 1083. The plaintiffs tentatively admitting the Examiner's "inconsistency," goes against their establishing jurisdiction as to Count III.

According to the Federal Circuit, "when challenged, the pleader must establish that interference does *in fact* exist." Albert at 761 (emphasis added). Furthermore, the plaintiffs "cannot simply wave the statute in our faces. They have the burden of establishing federal jurisdiction . . . and so they must present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt." In Re Brand Name Prescription Drugs Antitrust Litigation, 123 F.3d 599, 607-8 (7th Cir. 1997). In this case, the plaintiffs allege no specific jurisdictional basis, they point to no interfering claims, yet they ask this court to continue this case to an evidentiary hearing. In that there was a Markman hearing on the claims in the '769 patent in the 1993 Case, the plaintiffs do not set forth good reason why *another* hearing would not waste judicial resources.

The plaintiffs have not provided this court with a sufficient basis and have not alleged facts as to the Reissue Newsome patent when challenged on jurisdiction, such that this court could continue to hear arguments as to Count III. The defendants' motion to dismiss Count III for lack of subject matter jurisdiction is granted.

## Res Judicata, Federal Rule of
## Civil Procedure 13, Collateral Estoppel

Next, the defendant argues that Counts I and II are barred by res judicata and/or under Federal Rule of Civil Procedure 13. Counts I and II allege patent infringement. Res judicata bars litigants from relitigating a claim that has already proceeded to final judgment on the merits. <u>Matchett v. Rose</u>, 36 Ill.App.3d 638, 648 (5th Dist. 1976).

According to Federal Rule of Civil Procedure 13(a), "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." The defendants argue that the plaintiffs were required under Rule 13 to bring Counts I and II as counterclaims to the 1993 action.

Unlike a motion to dismiss for lack of subject matter jurisdiction, in which the plaintiffs are summoned to assert a basis for the court's jurisdiction, when reviewing a motion to dismiss for failure to state a claim, the court examines the sufficiency of the complaint. <u>Triad Assoc. v. Chicago Hous. Auth.</u>, 892 F.2d 583, 586 (7th Cir. 1989). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence that supports the claim." <u>Scheur v.

Rhodes, 416 U.S. 232, 235 (1974). A motion to dismiss will be granted only if the Court finds that the plaintiff can prove no set of facts that would entitle her to relief. See Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 432 (7th Cir.1993); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). On a motion to dismiss, the Court draws inferences and resolves ambiguities in the plaintiffs' favor, assuming that all of the well-pleaded facts are true. See Dimmig v. Wahl, 983 F.2d 86, 87 (7th Cir. 1993).

In Interconnect Planning Corp. v. Feil, 774 F.2d 1132, 1133 (Fed. Cir. 1985), the Federal Circuit addressed the issue of collateral estoppel with regards to a reissued patent. In denying the collateral estoppel argument, the court stated that the issue before it was the "validity of the claims of the reissue patent, an issue that did not exist at the time of the decision on the validity of the '282 patent claims." Id. at 1136. The Interconnect court also noted that when estoppel was raised as to the unadjudicated claims of a patent whose other claims had been adjudicated, "the first step was to determine whether any new issues were raised as to the nonlitigated claims." Id. at 1136.

In Antonious v. Wilson Sporting Goods Co., No. 89 C 6675, 1990 WL 186582, *3 (N.D. Ill. Nov. 16, 1990), the court denied summary judgment on res judicata relying on Interconnect, stating that Interconnect "expressly recognized that a reissued patent presents a different claim than the parent patent."

In this case, similar to the facts of <u>Interconnect</u> and <u>Antonious</u>, the patent at issue is a reissued patent. As such, there are different time periods at issue in this case than were at issue in 1993. According to the plaintiffs, the Reissue Newsome patent includes seven new claims, which were not put at issue in 1993. In that the Newsome patent was pending before the PTO, any counterclaim based on infringement was not matured during the pendency of the 1993 Case.

In <u>Phonmetrics, Inc. v. Hospitality Franchise Systems, Inc.</u>, 203 F.3d 790 (Fed. Cir. Feb. 9, 2000), the court held that "[t]he Rule 12(b)(6) pleading requirements for a complaint of infringement cannot be extended to require a plaintiff to specifically include each element of the claims of the asserted patent . . . a patentee need only plead facts sufficient to place the alleged infringer on notice." <u>Cf.</u> <u>Albert</u> at 760 (To establish jurisdiction under 35 U.S.C. § 291, "recitation in a pleading as a basis for suit is not enough.").

In this case, the plaintiffs are indefinite as to whether and how much they believe the Original Newsome patent claims are common to or overlap with Reissue Newsome patent claims. This vagueness was fatal in the plaintiffs interference count because they did not sufficiently establish this court's jurisdiction under 35 U.S.C. § 291. Nevertheless, the generality allows this court to reasonably infer that, as to the Reissue Newsome patent, the

plaintiffs state a claim upon which relief can be granted, in a way that is different than the case that appeared before Judge Bucklo in 1993. At base, it is sufficient for this case to proceed on fact finding to determine whether "the Reissue Newsome patent claims are substantially identical to the Original Newsome patent claims." <u>Interconnect</u> at 1136. At this stage, the court is solely addressing the allegations of the plaintiffs' Complaint under a Rule 12(b)(6) standard.

The defendants' motion to dismiss Counts I and II is denied. The motion to dismiss under Rule 12(b)(6) as to Count III is moot.

### CONCLUSION

Therefore, for the foregoing reasons, the defendants' motion to dismiss is granted in part and denied in part. Count III of the Complaint is dismissed.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: May 19 2000